Emmett J. Schnepp, J.
Plaintiff sues for damages for personal injuries sustained by the alleged negligence of the defendant. Prior to the commencement of the action, a signed state *884 ment was obtained by plaintiff’s attorney from A. David Merkle, an employee of the defendant at the time of the accident, whose employment status had been terminated at the time the statement was obtained. Defendant has made demand for a copy of such statement. Plaintiff has moved for a protective order claiming that the statement is not obtainable, as it constitutes an attorney’s work product, material prepared for litigation and, further, that it is not a statement of a party to the action.
A party has the right to obtain a copy of his own statement. (CPLR 3101, subd. [e].) A corporate party is entitled to obtain a copy of a statement made by its employee to its adversary, without proving special circumstances. (Briggs v. Spencerport Road Plaza, 19 A D 2d 943; Magee v. Faymour Development Co., 32 A D 2d 811.) The court fails to see why, in this context, any distinction should be made between an employee and a former employee of a party, so long as the facts in the statement are based on information acquired during the course of the employment. Any privilege, which might otherwise exist, by reason of a claim that such statement is the work product of an attorney or material prepared for litigation (CPLR 3101, subds. [c], [d]) must give way to the superior right of a party to obtain a copy of his own statement.
Accordingly, the motion of the plaintiff for a protective order is denied, without costs.